UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEE KINNAMON, <br><br> Plaintiff, <br><br> v. <br><br> E. HAMILTON, et. al, <br><br> Defendants. | Case No.: 1:13-cv-00040 AWI JLT (PC) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND <br><br> (Doc. 1) |

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on January 10, 2013. (Doc. 1). As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I.   Screening Requirement**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.  Plaintiff's Complaint

The only allegations set forth by Plaintiff in his Statement of the Claim are as follows: "unprofessional, negligence causing hospitalization, stress, angina pain, A.D.A discrimination." (Doc. 1 at 3). While the Court appreciates the brevity of his Complaint, the Court cannot determine whether Plaintiff can state a cognizable claim unless Plaintiff provides the Court with the factual events that gave rise to Plaintiff's lawsuit. Plaintiff's current Complaint does not state facts to show when and how his alleged injuries occurred or who caused the injuries. Likewise, Plaintiff does not explain how he was discriminated against or how such discrimination relates to his injuries.

Based upon the authorities and the deficiencies described above, it is plain that Plaintiff has not stated a cognizable claim against any defendant.

### IV.  Leave to Amend

The Court will provide Plaintiff a final opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in a recommendation that his action be dismissed.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he

files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is (Doc. 1) is **DISMISSED with leave to amend**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **January 17, 2013**             /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE