1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA**

10

11   TODD LEE KINNAMON,                 )   Case No.: 1:13-cv-0040 JLT (PC)
                                        )
12              Plaintiff,              )   ORDER DISMISSING THE FIRST AMENDED
                                        )   COMPLAINT WITH LEAVE TO AMEND
13          v.                          )
                                        )
14   E. HAMILTON, et al.,               )   (Doc. 6)
                                        )
15              Defendants.             )
                                        )
16   _____ )

17          Plaintiff Todd Lee Kinnamon ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 4, 6).  On January 18, 2013,

19   the Court dismissed Plaintiff's original complaint (Doc. 1), but granted Plaintiff 21 days to file an

20   amended complaint. (Doc. 5).  Plaintiff timely filed his first amended complaint on January 31, 2013.

21   (Doc. 6).

22          As required, the Court now screens Plaintiff's first amended complaint.  For the reasons set

23   forth below, Plaintiff's first amended complaint is **DISMISSED** and with leave to amend.

24   **I.      SCREENING REQUIREMENT**

25          Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds

26   in forma pauperis if the court determines that the case "fails to state a claim on which relief may be

27   granted" or is "frivolous."   A claim is frivolous "when the facts alleged rise to the level of the

28

1

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II.    PLEADING STANDARDS

### A.    Federal Rule of Civil Procedure 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Id.) Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

## B.    42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v.

1   Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a

2   plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

3   or omitted to perform an act which he was legally required to do that caused the deprivation

4   complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588

5   F.2d 740, 743-44 (9th Cir. 1978)).

6   **III.    COMPLAINT**

7          Plaintiff was incarcerated at Corcoran State Prison located in Corcoran, California, at all times

8   relevant to his first amended complaint. (Doc. 6 at 3).   Plaintiff names E. Hamilton and S. Rather

9   (collectively "Defendants"), both correctional officers at Corcoran State Prison, as defendants in this

10  matter. Id. at 2-3.  Plaintiff has a pacemaker implant in his heart and appears to suffer from other heart

11  conditions. Id.  Plaintiff avers that Defendants were aware of Plaintiff's pacemaker. Id.

12         At approximately 9:00 p.m. on the evening of March 3, 2011, Defendants and Plaintiff argued

13  concerning Plaintiff's medical chrono. Id. at 3. Defendants indicated that they would not follow

14  Plaintiff's medical chrono. Id. at 2-3.  This argument caused Plaintiff's "angina pain" and Defendants

15  left Plaintiff after the argument. Id. at 3.

16         Corcoran medical staff and other correctional officers found Plaintiff pulseless in his cell

17  approximately one hour later. Id.   Plaintiff was taken to Bakersfield Memorial Hospital where he

18  underwent a heart angiogram. Id.

19  **IV.    DISCUSSION**

20         A. **Plaintiff provides insufficient facts to indicate that he was discriminated against**

21             **because of a disability.**

22         The United States Supreme Court has determined that Title II of the Americans with

23  Disabilities Act ("ADA"), 42 U.S.C. §12131 et seq., which prohibits "public entities" from

24  discriminating against individuals with disabilities because of their disability, applies to state prisons

25  and prisoners. See Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206 (1998)("the [ADA's]

26  language unmistakably includes State prisons and prisoners within its coverage").  A plaintiff states a

27  cause of action under Title II of the ADA where he alleges that "(1) he is an individual with a

28  disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's

services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).  The ADA does not provide a remedy for inadequate medical treatment of a disability. Simmons, 609 F.3d at 1022.

Plaintiff indicates that Defendants acted in violation of the ADA when they refused to implement Plaintiff's "ADA double matters [sic] chrono." (Doc. 6 at 3).  While Plaintiff may be an individual with a disability,[1] Defendants' refusal to implement Plaintiff's medical chrono cannot be the basis of Plaintiff's ADA claim as it indicates a refusal to provide certain medical care rather than discrimination. See Simmons, 609 F.3d at 1022.  Furthermore, Plaintiff does not allege that prison officials denied him any services or benefits by reason of his disability.  Thus, Plaintiff fails to state a cognizable claim under the ADA.  Therefore, Plaintiff's first amended complaint is **DISMISSED** with leave to amend.

### B. Plaintiff provides insufficient facts to demonstrate that Defendants acted with deliberate indifference in violation of the Eighth Amendment.

Plaintiff appears to assert an Eighth Amendment claim for inadequate medical care.  To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

i. Serious Medical Condition

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Indications that a person has a serious need for medical treatment include: the existence of an

---

[1] Plaintiff has not sufficiently indicated whether his heart condition is what he deems to be his disability or whether he suffers from another condition that qualifies as a disability.

injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  McGuckin, 974 F.2d at 1059-60 (citations omitted).

Here, Plaintiff provides very little information concerning his medical condition.  Plaintiff avers that he possesses a "pacemaker and [is] a heart patient" without more. (Doc. 6 at 3).  While a pacemaker could signify an underlying serious heart condition, Plaintiff does not indicate whether this was a condition related to the medical chrono that Defendant's refused to implement.  Furthermore, Plaintiff does not indicate that he was experiencing heart issues at the time of the argument, although he seems to claim that the argument caused him to suffer angina pain.  Though he claims the officers "left him for dead," exactly what he means by this is not clear.  Notably, he fails to allege any facts the Defendants were aware he was suffering symptoms that required medical attention.  Thus, Plaintiff fails to provide sufficient facts to indicate that he was suffering from a serious medical condition.

### ii.   Deliberate Indifferent Response

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff.  See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  No Eighth Amendment violation exists where a prison official should have known of a severe risk to the inmate, but did not actually know of the risk. Ethridge v. Childs, Case No. 1:10-CV-01962-LJO-MJS, 2013 WL 1414645 * 4 (E.D. Cal. 2013)(citing Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)(internal quotations omitted).  A prison official's conduct must be wanton, rather than merely negligent. Ethridge, 2013 WL at 4.

Assuming *arguendo* that Plaintiff had pled a serious medical condition, Plaintiff fails to demonstrate that that Defendants possessed the requisite culpable state of mind for  "deliberate indifference."   While Defendants allegedly knew that Plaintiff was a "heart patient," as pled, Defendants' argument with Plaintiff establishes negligence at best.   Arguments between prison officials and inmates is a daily condition of prison life.

Furthermore, Plaintiff does not provide sufficient facts to demonstrate that Defendants were aware of Plaintiff's "pulseless" condition at the time they left him.  Plaintiff merely concludes that Defendants "left [him] for dead" without more. (Doc. 6 at 3). Thus, Plaintiff fails to provide sufficient facts to demonstrate that Defendants acted with deliberate indifference towards Plaintiff.  Therefore, Plaintiff's first amended complaint is **DISMISSED** and with leave to amend.

## V.    LEAVE TO AMEND

The Court will provide Plaintiff one <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order.  See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his second amended complaint, **<u>Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.</u>**

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his second amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## ORDER

For the reasons stated above, the Court **HEREBY ORDERS** that:

1.    The first amended complaint (Doc. 7) is **DISMISSED for failure to state a cognizable claim;**

2.    Plaintiff is **GRANTED** <u>21 days</u> from the date of service of this Order to file a second amended complaint that addresses the deficiencies set forth in this order. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";

1            3.  The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a

2 civil rights action; and

3            4.  **<u>Plaintiff is firmly cautioned that failure to comply with this order will result in an</u>**

4 **<u>order dismissing this action.</u>**

5

6 IT IS SO ORDERED.

7     Dated:  **<u>April 19, 2013</u>**                <u>**/s/ Jennifer L. Thurston**</u>

8                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28