UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEE KINNAMON, ) | Case No.: 1:13-cv-0040 JLT (PC) |
| ) | |
| Plaintiff, ) | ORDER DISMISSING THE SECOND AMENDED |
| ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| v. ) | |
| ) | (Doc. 11) |
| E. HAMILTON, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Todd Lee Kinnamon ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the Magistrate Judge on March 4, 2013. (Doc. 8). As required, the Court now screens Plaintiff's second amended complaint. (Doc. 11). For the reasons set forth below, Plaintiff's second amended complaint is **DISMISSED**.

I.     **SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

I.      PLEADING STANDARDS

   A.     Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

   B.     42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**B.      42 U.S.C. § 1983**

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III.      COMPLAINT**

Plaintiff's second amended complaint contains incomplete sentences, misplaced punctuation, and improper capitalization that make the documents difficult to decipher. Nonetheless, the Court has reviewed the document to the best of its ability and the second amended complaint is summarized as follows:

Plaintiff was incarcerated at Corcoran State Prison located in Corcoran, California, at all times relevant to his cause of action.[1] (Doc. 6 at 3). Plaintiff names Corcoran State Prison correctional officers, E. Hamilton and S. Rather (collectively "Defendants"), as defendants to this matter. (Doc. 11 at 2-3). Plaintiff claims he has "shoulder and pacemaker issue's (sic) that cause harm." (Doc. 11 at 3) He alleges Defendant Hamilton caused him stress by not following his medical chrono which prohibited him from being handcuffed from behind. Id. Plaintiff claims that the stress caused by

---

[1] Plaintiff omitted to state where these events arose in his Second Amended Complaint. (Doc. 11). Nonetheless, the Court notes that he indicated in his first amended complaint (Doc 6) that these events occurred while he was incarcerated at Corcoran State Prison.

Hamilton's refusal to follow the chrono caused him to have a heart attack.[2] Id. Plaintiff alleges that Hamilton then "left him for dead." Id. When Plaintiff called for help, Defendants laughed until a nurse and the first-watch officer found Plaintiff on the floor. Id. At that time, prison officials rushed Plaintiff to an area hospital. Id.

### IV. DISCUSSION

#### A. Plaintiff provides insufficient facts to demonstrate that Defendants acted with deliberate indifference in violation of the Eighth Amendment.

Like his original and first amended complaints, Plaintiff appears to assert an Eighth Amendment claim for inadequate medical care. To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

#### i. Serious Medical Condition

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

Indisputably, a heart attack is a condition doctors would find worthy or treatment. Thus, the Court concludes Plaintiff has sufficiently alleged he suffered from a serious medical condition.

///

---

[2] Notably, in his First Amended Complaint (Doc. 6 at 3) and in his original complaint (Doc. 1 at 3), Plaintiff alleged he suffered angina pain, rather than a heart attack. Plaintiff fails to explain why he now is claiming he suffered a heart attack.

ii. <u>Deliberately Indifferent Response</u>

Plaintiff was previously advised that a defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. <u>See Farmer v. Brennan</u>, 511 U.S. 825, 837-42 (1994); <u>Jett</u>, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. <u>See Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988). No Eighth Amendment violation exists when a prison official should have known of a severe risk to the inmate, but did not actually know of the risk. <u>Ethridge v. Childs</u>, Case No. 1:10-CV-01962-LJO-MJS, 2013 WL 1414645 * 4 (E.D. Cal. 2013)(*citing* <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004)(internal quotations omitted). A prison official's conduct must be wanton, rather than merely negligent. <u>Ethridge</u>, 2013 WL at 4.

Here, Plaintiff alleges he suffered a heart attack while in Hamilton's presence but that Hamilton left him alone. (Doc. 11 at 3) Plaintiff does not allege explicitly that Hamilton was aware that Plaintiff was suffering a heart attack when he exited the cell. Instead, he alleges only that Hamilton, "left [Plaintiff] for dead." <u>Id</u>. Plaintiff fails to assert that Hamilton was aware that Plaintiff was suffering a heart attack or that Plaintiff's condition was manifested such that it was obvious that Plaintiff was suffering a heart attack. The Court specifically instructed Plaintiff in his previous order that he must allege facts that demonstrated that Hamilton was aware Plaintiff was suffering a serious medical attention at the time he left the cell. (Doc. 9 at 5) It appears that Plaintiff's refusal to provide these factual allegations is because he cannot. Thus, the Court finds that Plaintiff has failed to allege facts to demonstrate Hamilton acted with deliberate indifference when he left Plaintiff's cell.

On the other hand, Plaintiff indicates that both Defendants laughed when Plaintiff called out for help, but Plaintiff does the words that formed the basis for his cry. (Doc. 11 at 3). Plaintiff does not indicate that he communicated he was suffering from a serious medical condition or other information that would make the officers aware of what was occurring and that he needed medical attention. As in his first amended complaint, Plaintiff fails to demonstrate that Defendants were aware

he was having a heart attack. *Compare* (Doc. 6 at 3) *with* (Doc. 11 at 3).[3] That Defendants laughed when Plaintiff called for help is certainly rude and unprofessional. However, there are insufficient factual allegations made to demonstrate that Defendants were laughing in the face of their knowledge that Plaintiff was suffering a heart attack. Thus, Plaintiff fails to provide sufficient facts to demonstrate that Defendants acted with deliberate indifference.

The Court explicitly advised Plaintiff – on two separate occasions – that he must support his cause of action with well-pled factual allegations and that his failure to comply with the Court's directive would "**result in an order dismissing this action.**" (Doc. 5 at 3; Doc. 9 at 7) (emphasis in the original). Despite this admonition, Plaintiff has failed, on three separate occasions, to provide sufficient facts to support an Eighth Amendment claim of inadequate medical care. Thus, it would be futile to permit Plaintiff to again amend his complaint. Therefore, Plaintiff's first amended complaint is **DISMISSED without leave to amend**.

### ORDER

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The second amended complaint (Doc. 11) is **DISMISSED without leave to amend;**
2. The Clerk of the Court is **DIRECTED** to **CLOSE** this matter.

IT IS SO ORDERED.

Dated:   **June 21, 2013**              /s/ **Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] As noted above, each word in the complaint is capitalized and Plaintiff haphazardly uses of punctuation. Thus, the statement that "S. Rather. And E. Hamilton. Laughed. Until The Nurse and 1st Watch Officer Seen Me" may also be construed to mean that Defendants laughed while they watched Plaintiff experience a heart attack. However, this interpretation is problematic as Plaintiff indicated in his first amended complaint that Defendants left Plaintiff at some point (Doc. 6 at 3) and also asserts here that only Hamilton was with him before the heart attack and left him after the heart attack. Therefore, ascribing this interpretation to Plaintiff's second amended complaint would seriously call Plaintiff's veracity into question.